IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEOLONI DANIELS,

      Plaintiff,

v.                         CASE NO. 18-3187-SAC

DAN SCHNURR, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on the following motions: (1) Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 16); (2) Interested Party KDOC's Motion for Extension (ECF No. 20); and (3) Plaintiff's Motion to Appoint Counsel (ECF No. 23).

**Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 16)**

Plaintiff states he seeks a temporary restraining order and/or preliminary injunction to order Defendants to return his legal mail and pleadings, to enjoin Defendants from seizing his legal papers or placing him in segregation without just cause, and to require Defendants to furnish him with pens, paper, copies, and access to the law library. He alleges Defendants have delayed, lost or rejected his legal mail and have confiscated legal pleadings he had prepared for a challenge to

his conviction and for this lawsuit, resulting in delay. Plaintiff further alleges he was placed in segregation "to further disrupt and delay [him] from serving any other process in regards to his 1983 complaint." He states he has exhausted his administrative remedies as to these claims.

Plaintiff's motion raises claims that are not made in his Complaint. In his Complaint, he makes an Eighth Amendment failure to protect claim. His motion attempts to obtain relief for retaliation and a denial of access to the courts. A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 220 (1945). The Court may not enter a preliminary injunction when the movant seeks intermediate relief beyond the claims of the complaint. *See Stouffer v. Eulberg,* No. CIV–09–320–C, 2010 WL 567998, at *1, *2 & n. 3 (W.D. Okla. Feb. 11, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")).

Moreover, even if Plaintiff had properly requested and been granted leave to amend or supplement his Complaint to add claims for retaliation and denial of access to the courts, Plaintiff has not met his burden to show that entry of a preliminary injunction is warranted. A movant seeking a preliminary injunction must establish "four factors: (1) a likelihood of success on the merits [of his described claim]; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *White v. Kansas Dep't of Corr.*, 617 F. App'x 901, 904 (10th Cir. 2015) (*quoting RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009)). Because a preliminary injunction is an extraordinary remedy, *see GTE Corp. v. Williams,* 731 F.2d 676, 678

(10th Cir. 1984), the right to relief must be clear and unequivocal. *See Penn v. San Juan Hospital, Inc.,* 528 F.2d 1181, 1185 (10th Cir. 1975).

Plaintiff has not met his burden. First, he has failed to demonstrate that the injunction is not adverse to the public interest of prison officials' proper administration of their facilities. A federal court considering a motion for injunctive relief affecting the conditions of a prisoner's confinement must give substantial weight to the adverse impact on public safety and on prison operation. *See* 18 U.S.C. § 3626(a)(2); *Stephens v. Jones,* 494 F. App'x 906, 911–12 (10th Cir. 2012). The Supreme Court has declared that courts are not to substitute their judgment on matters of prison administration for the determinations made by prison officials. *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 353 (1987). Granting the relief Plaintiff seeks would require this Court to intrude directly into the affairs of state prison administration, which for important policy reasons is a step courts should be reluctant to take. *See Turner v. Safley,* 482 U.S. 78, 84–86 (1987); *cf. Stephens,* 494 F. App'x at 912 (affirming denial of requested injunctive relief as "overbroad and more intrusive than necessary").

Second, Plaintiff has not made a showing of probable irreparable harm. "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Mr. Daniels must establish that "the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* at 1189.

Plaintiff's conclusory allegations of past harassment with a retaliatory motive do not demonstrate he will suffer an imminent future injury that is irreparable if no preliminary injunction is issued. *See Faircloth v. Schwartz*, No. 12-CV-02764-BNB, 2012 WL 6737186, at *2 (D. Colo. Dec. 28, 2012) (denying requested injunctive relief of transfer and protective order to prevent retaliation where plaintiff claimed he had been harassed, searched, prevented from filing an affidavit in a pending case in a timely manner, removed from general population, and convicted of disciplinary offenses in retaliation for filing a lawsuit).

For these reasons, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 16) is denied.

**Interested Party KDOC's Motion for Extension (ECF No. 20)**

KDOC requested an extension of time to November 19, 2018, to file the *Martinez* report ordered by the Court. The motion demonstrated good cause for an extension, and KDOC filed the *Martinez* report on November 19, 2018. As a result, the motion is granted.

**Plaintiff's Motion for Appointment of Counsel (ECF No. 23)**

There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the

prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim. The Court ordered a *Martinez* report, and the Court has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915. Therefore, the Court denies Plaintiff's Motion to Appoint Counsel at this time. However, this denial is made without prejudice. If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 16) is **denied**.

**IT IS FURTHER ORDERED** that Interested Party KDOC's Motion for Extension (ECF No. 20) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 23) is **denied**.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 14th day of January, 2019.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**