IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEOLONI DANIELS,

    Plaintiff,

v.                          CASE NO. 18-3187-SAC

DAN SCHNURR, et al.,

    Defendants.

# MEMORANDUM AND ORDER

This matter is before the Court on three motions filed by the defendants: 1) a Motion to Dismiss for Failure to State a Claim (ECF No. 24) filed by Defendant Jason (lnu); 2) a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 31) filed by Defendants Burris, Rodgers, and Schnurr; and 3) a Motion to Stay Discovery (ECF No. 33) filed by Defendants Burris, Rodgers, and Schnurr. Plaintiff has not filed a response to any of these motions, and the time to do so has long expired.[1] For the reasons described herein, both motions to dismiss are granted and the motion to stay discovery is denied as moot.

---

[1] Local Rule 7.4(b) provides that if a response to a motion is not filed within twenty-one (21) days, the Court will consider and decide the motion as an uncontested motion. Ordinarily, the Court will grant the motion without further notice. However, the Tenth Circuit has directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely on the plaintiff's failure to respond. *Issa v. Comp USA,* 354 F.3d 1174, 1177-78 (10th Cir. 2003). Instead, it "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

## Summary of Complaint

Mr. Daniels's complaint (ECF No. 1) alleges he was stabbed multiple times by an unrestrained inmate (identified by the defendants as Verl Baker, assigned as a porter to the segregation unit) while he was handcuffed and in the sick call room of the Super Max segregation unit at Hutchison Correctional Facility (HCF) on August 28, 2017. Plaintiff was being examined by Defendant Jason Friesen when Inmate Baker entered the room with a homemade knife and attacked Plaintiff. Plaintiff claims Defendant Rogers did nothing while he was being stabbed repeatedly. He asserts the policies of the facility were directly involved because Defendants should have known Super Max inmates should not be allowed to "mingle" with any unrestrained inmates. He claims the defendants failed to protect him from the assault, violating his rights under the Eighth Amendment.

Plaintiff seeks compensatory damages of $1,500,000, punitive damages of $2,500,000, and exemplary damages of $1,000,000.

**Motion to Dismiss (ECF No. 24)**

In his Motion to Dismiss and Memorandum in Support, Defendant Jason (lnu) (identified as Jason Friesen, LPN) argues he should be dismissed from the lawsuit because Plaintiff fails to state a claim against him, pointing out the only allegation regarding Defendant Friesen in the complaint is that he sprang into action to protect Plaintiff when he was attacked by Inmate Baker.

**Motion to Dismiss (ECF No. 31)**

Defendants Burris, Schnurr, and Rogers make several arguments in their motion to dismiss. First, they argue that Defendants Burris and Schnurr should be dismissed because the complaint fails to allege facts showing they personally participated in the alleged constitutional violation. Second, these defendants argue they are entitled to Eleventh Amendment immunity. Finally, they

argue that Defendant Rogers is entitled to qualified immunity because his actions in allegedly failing to prevent an unforeseen attack on Plaintiff by another inmate did not violate Plaintiff's constitutional rights.

## Legal Standards

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**Summary Judgment**

Because the Court has considered the material attached to Defendants' memorandum in support, in addition to the *Martinez* report filed in this case, in evaluating Plaintiff's claims, it decides the motion under the request for summary judgment contained therein. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (district court's dismissal under Rule 12(b)(6) of a

prisoner's complaint filed pro se characterized as "irregular" where court had not limited its review to the complaint).

Summary judgment is appropriate if the pleadings and other materials before the Court show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. The Court views all evidence and draws all reasonable inferences in the light most favorable to the party opposing summary judgment. *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009).

On the same day that Defendants filed their motion to dismiss or in the alternative, for summary judgment, they sent Plaintiff a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment (ECF No. 34) explaining Plaintiff's burden under Fed. R. Civ. P. 56 and Local Rule 56.1. Despite receiving this Notice, Plaintiff filed no response to Defendants' motion. Under Fed. R. Civ. P. 56(e), if a party fails to properly address the moving party's factual assertions, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the Court will review Defendants' motion to determine if they are entitled to summary judgment.

**Analysis**

**Personal Participation**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inaction upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006);

*Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff names four defendants. Three of those defendants, Schnurr, Burris, and Friesen, are subject to dismissal on the basis of lack of personal participation in the alleged constitutional violation.

Defendant Schnurr is the warden of HCF. Plaintiff does not allege he personally participated in the incident upon which the complaint is based. Defendant Schnurr is only mentioned in the caption and the listing of defendants in the jurisdiction section of the complaint. If Plaintiff named Defendant Schnurr on the basis of his supervisory capacity, such claim must fail. It is well established that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). An "affirmative link" must be established between the constitutional deprivation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.*. Plaintiff has not alleged any affirmative link between the incident and Defendant Schnurr. The only possibility is that Plaintiff complains of the facility's "illegal policy" of allowing any inmate to move within the Super Max unit unrestrained. While the necessary affirmative link can be shown where "a supervisor has established or utilized an unconstitutional policy or custom"

(*Meade v. Grubbs,* 841 F.2d 1513, 1528 (10th Cir. 1988)), Plaintiff has failed to demonstrate the policy of using prisoners as porters in the Super Max unit is unconstitutional. Mr. Daniels fails to state a claim against Defendant Schnurr.

Defendant Burris is described by Plaintiff as a Deputy Secretary of Corrections.[2] The only reference to Defendant Burris in the complaint, other than the caption and jurisdiction section, is that he signed, as designee, the official response of the Secretary of Corrections to Plaintiff's grievance appeal related to the incident, which Plaintiff attached to the complaint. *See* ECF No. 1-1 at 2. Defendant Burris affirmed the actions of HCF staff.

As with Defendant Schnurr, Plaintiff does not allege personal participation of Defendant Burris sufficient to state a claim against him under § 1983. The Tenth Circuit has repeatedly held that the denial of administrative grievances alone is insufficient to establish personal participation. *See Stewart v. Beach,* 701 F.3d 1322, 1328 (10th Cir. 2012); *Larson v. Meek,* 240 F. App'x 777, 780 (10th Cir. 2007). Burris's only involvement was in denying Plaintiff's grievance appeal, which is insufficient for § 1983 liability. *See Stewart*, 701 F.3d at 1328.

Lastly, while Defendant Friesen is mentioned as personally participating in the incident, Plaintiff does not allege he violated Plaintiff's constitutional rights or did anything blameworthy. The sole allegation in the complaint is that Nurse Friesen got the attacker off of Plaintiff and under control. *See* ECF No. 1 at 4. Plaintiff has failed to state a claim against Defendant Friesen.

Defendants Schnurr, Burris, and Friesen are subject to dismissal from this action.

---

[2] Defendant Burris is actually employed by KDOC as a Corrections Manager I. *See* ECF No. 32 at 3.

**Eighth Amendment Failure to Protect**

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. The Supreme Court has made clear that, under the Eighth Amendment, prison and jail officials have a duty to ensure the safety and protection of inmates:

> [P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency.

*Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (internal quotation marks and citations omitted); *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).

However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm;" and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir.), *cert. denied*, 546 U.S. 1003 (2005). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Verdecia v. Adams*, 327 F.3d 1171, 1176 (10th Cir. 2003); *Farmer*, 511

7

U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Farmer,* 511 U.S. at 838. It follows that a plaintiff must allege facts indicating that the defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.* The mere fact that an assault occurred does not establish the requisite deliberate indifference to a plaintiff's constitutional rights. *Hovater*, 1 F.3d at 1068.

Mr. Daniels makes two claims under the failure to protect rubric. First, he asserts the facility policy was faulty. He argues the defendants "should have known that it was improper to give Super Max inmates access to mingle with Max or any other inmates unrestrained." ECF No. 1 at 8. This may be true, and similar incidents have given rise to a *negligence* cause of action in state court. *See, e.g., Harris v. Werholtz*, 260 P.2d 101 (Table), 2011 WL 4440314 (Kan. App. 2011). However, the fact that it may have been negligent for facility staff to allow Inmate Baker to undertake porter duties on the unit does not establish the deliberate indifference required for Plaintiff to state a claim of constitutional violation. *See Hovater*, 1 F.3d at 1066.

Second, Plaintiff claims Defendant Rogers did not intervene properly or fast enough when he was attacked by Inmate Baker. He alleges Officer Rogers "completely froze in terror" and was "scared for his own safety." ECF No. 1 at 4. Plaintiff does not include any explanation for why Inmate Baker attacked him, but the *Martinez* report filed in this case reveals that Inmate Baker believed Plaintiff had paid another inmate to throw feces on him just before the attack occurred. *See* Exhibit 14 to *Martinez* report, ECF No. 21-14 at 2.

To establish a failure to protect claim against Officer Rogers, Plaintiff must show Rogers actually knew of and disregarded the risk to Plaintiff posed by Inmate Baker. *See Farmer*, 511 U.S. at 837. Plaintiff does not allege Rogers had knowledge of the feces-throwing incident at all,

8

let alone that Inmate Baker blamed Plaintiff for it, and the *Martinez* report does not reveal Rogers knew about it. Therefore, Plaintiff has not demonstrated Rogers actually knew of the risk posed by Inmate Baker prior to the attack.

However, that does not appear to be what Plaintiff is claiming in the complaint. He complains that Rogers failed to act quickly enough when the attack began. According to Plaintiff, Nurse Friesen had to pull Inmate Baker off, then Defendant Rogers "finally kicked into action and cuffed up said inmate." ECF No. 1 at 4. Plaintiff attributes this delay to fear on the part of Defendant Rogers.

These allegations do not demonstrate deliberate indifference. At the most, under Plaintiff's version of events, Defendant Rogers was conceivably negligent, but, again, negligence is not enough to state a claim for violation of Plaintiff's constitutional rights. *See McDaniels v. McKinna*, 96 F. App'x 575, 580 (10th Cir. 2004) ("[W]hile [the defendant guard's] slow reaction to the fight might constitute negligence, it does not rise to the level of deliberate indifference required to establish liability under the Eighth Amendment.").

**Conclusion**

For the reasons discussed above, the Motion to Dismiss for Failure to State a Claim (ECF No. 24) filed by Defendant Friesen and the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 31) filed by Defendants Burris, Rodgers, and Schnurr are granted. This matter is dismissed. The Motion to Stay Discovery (ECF No. 33) filed by Defendants Burris, Rodgers, and Schnurr is therefore denied as moot.

**IT IS THEREFORE ORDERED** the Motion to Dismiss for Failure to State a Claim (ECF No. 24) filed by Defendant Friesen and the Motion to Dismiss, or in the Alternative, Motion for

9

Summary Judgment (ECF No. 31) filed by Defendants Burris, Rodgers, and Schnurr are **granted**. This matter is dismissed.

**IT IS FURTHER ORDERED** the Motion to Stay Discovery (ECF No. 33) filed by Defendants Burris, Rodgers, and Schnurr is **denied** as moot.

**IT IS SO ORDERED.**

**DATED:  This 23rd day of August, 2019, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**